IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREG WHITE, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
　　v. ) No. 07 C 0437
　　　　　　　　　　　　　　　　　　　　　)
THOMAS MONOHAN, #1 JOHN/JANE DOE, )
#2 JOHN/JANE DOE, #3 JOHN/JANE DOE, )
#4 JOHN/JANE DOE, and )
#5 JOHN/JANE DOES, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## OPINION AND ORDER

　　　　Pro se plaintiff Greg White is presently a civil detainee at the Illinois Department of Human Services Sexually Violent Persons Treatment and Detention Facility ("SVPTDF") located in Rushville, Illinois. From March 2001 until approximately July 2006, he was civilly detained at the Joliet, Illinois SVPTDF ("Joliet"). In his presently pending Amended Complaint, plaintiff complains about his conditions of confinement while detained at Joliet. In his original Complaint, the only named defendant was Thomas Monohan. The caption of the Complaint also referred to John/Jane Does #1 through #5. The substantive allegations of the Complaint contained no mention of Monohan or

the unknown defendants. Pursuant to 28 U.S.C. § 1915A, upon initial review of plaintiff's motion to proceed in forma pauperis, the court sua sponte dismissed plaintiff's claim concerning the water at Joliet, but permitted him to proceed on his remaining claim. See Order dated March 2, 2007 [9]. Monohan was thereafter served and responded by moving to dismiss the complaint.

Prior to plaintiff being required to answer the motion to dismiss, it was noted in an Order dated October 10, 2007 [22] that plaintiff's Complaint failed to adequately allege any personal participation on the part of Monohan and therefore was subject to dismissal, but plaintiff would be provided an opportunity to respond before dismissing the case. In his answer to the motion to dismiss, plaintiff included allegations of Monohan's personal involvement and requested leave to amend his Complaint. Thereafter, plaintiff filed his Amended Complaint captioning "Thomas Monohan, et., al." as defendants. In the body of the Amended Complaint, plaintiff provides the actual names of 10 "John/Jane Doe" defendants that he identifies as being sued in their individual and official capacities.[1] However, plaintiff did not request that any of these persons be served with process.

---

[1] The Eleventh Amendment bars any monetary damages claim against defendants in their official capacities. Brown v. Budz, 398 F.3d 904, 917-18 (7th Cir. 2005). Since no longer at Joliet, plaintiff lacks standing to seek equitable relief.

Monohan is not mentioned in the body of the Amended Complaint. Plaintiff also includes allegations about water. The water claims are dismissed for the reasons stated in the March 2, 2007 Order.

Monohan moves to dismiss the Amended Complaint on two alternative grounds. First, he argues that plaintiff again fails to adequately allege his personal involvement. Second, he argues that plaintiff has failed to adequately allege conditions of confinement that would be a violation of the Constitution. It is noted by Monohan that the motion is not brought on behalf of the other defendants because they have not yet been served, but that some of them would have statute of limitation grounds for dismissal.[2] The second argument raised by Monohan would apply equally to the other defendants and some might have a basis for arguing their personal involvement is not adequately alleged. Plaintiff responds that he thought his response to the motion to dismiss the original Complaint contained sufficient allegations of Monohan's personal involvement so that he did not have to include those allegations in the Amended Complaint itself. He also argues that the conditions he has alleged violate the Constitution.

---

[2]Plaintiff specifically alleges when each additional defendant was in his or her position at Joliet. Some are alleged not to have worked there since 2005 or earlier.

The Federal Rules of Civil Procedure require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007). Plaintiff need only plead facts sufficient to raise a right to relief above the speculative level, providing fair notice and an appearance of plausibility. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Sims, 506 F.3d at 514; St. John's United Church of Chicago, 502 F.3d 616, 625 (7th Cir. 2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). A complaint should be dismissed if "the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." St. John's, 502 F.3d at 625 (quoting Airborne, 499 F.3d at 667). Absent the applicability of Fed. R. Civ. P. 9(b), heightened fact pleading of specifics is not required. Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797, 2008 WL 852586 *5 (7th Cir. April 1, 2008) (quoting Twombly, 127 S. Ct. at 1964, 1974).

The well-pleaded allegations of the complaint must be taken as true and all reasonable inferences drawn in plaintiff's favor. Twombly, 127 S. Ct. at 1965; Erickson, 127 S. Ct. at 2200; Sims, 506 F.3d at 512; Caldwell v. Jones, 513 F. Supp.

2d 1000, 1003 (N.D. Ind. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S. Ct. at 1969; Caldwell, 513 F. Supp. 2d at 1003. As long as they are consistent with the allegations of the Amended Complaint, plaintiff may assert additional facts in his response to the motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Bass v. Dart, 2007 WL 3374584 *1 (N.D. Ill. Nov. 8, 2007); Gershengorin v. Vienna Beef, Ltd., 2007 WL 2840476 *3 (N.D. Ill. Sept. 28, 2007). Additionally, since plaintiff is proceeding pro se, his Amended Complaint is to be liberally construed. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006); Alvarado v. Battaglia, ___ F. Supp .2d ___, 2008 WL 410639 *1 (N.D. Ill. Feb. 13, 2008); Moore v. Monahan, 2008 WL 111299 *1 (N.D. Ill. Jan, 10, 2008).

Although proceeding pro se, plaintiff is an experienced litigant who has been a plaintiff in at least nine other lawsuits. He should have understood that any amended complaint should include the additional allegations suggested in his response to the motion to dismiss.[3] However, instead of deciding

---

[3]Plaintiff recently filed an additional response to the motion to dismiss in which he makes no substantive argument going to the merits of his allegations, but points out that he should be given "leeway on mistakes" because he is pro se. Even

whether the Amended Complaint is deficient for failing to adequately allege Monohan's personal involvement, the court will instead address the issue of whether plaintiff adequately alleges a constitutional violation. Since plaintiff's Amended Complaint fails for that reason, it will be unnecessary to consider whether the personal involvement of any defendant is adequately alleged.

Plaintiff alleges that he was confined in conditions that were "bug/Roach and Spider infested." Am. Compl. ¶ 18. He also alleges that there was "No proper Air Circulation Hot in the summer and cold in the winter cell for months and months at a time." Id. He also alleges that defendants knew his cell had an "Infestation of bugs, Roaches, Spiders, wasps, bees, and the extreme heat and cold in the summer and winter times." Id. He further alleges that the bug bites resulted in scars on his legs, arms, and back. Id. ¶ 20. No further injuries are alleged. In his answer to the motion to dismiss, plaintiff alleges it would be 110 to 130 degrees in his cell when it was 90 to 100 degrees outside. It, however, is not credible that his cell reached that high a temperature for a sustained period of time since plaintiff does not allege that he suffered from any temporary or permanent heat-related illness. The only reasonable inference from his

---

liberally construing allegations, he fails to state a claim for the reasons set forth below. Since his claim lacks merit, plaintiff's recently filed motion for appointment of counsel will also be denied.

allegations is that he suffered through substantial discomfort due to the heating problems.

As a civilly committed detainee, constitutional due process provided plaintiff with protections at least as extensive as those afforded prisoners pursuant to the Eighth Amendment. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008). It was required that he "be housed under 'humane conditions' and provided with 'adequate food, clothing, shelter, and medical care.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

The Sain case was brought by another detainee at Joliet. Like plaintiff here, Sain alleged his cell was bug-infested and had poor air circulation and temperature control. On summary judgment, it was taken as true that Sain's cell had peeling paint, a foul odor, a lack of air-conditioning, an inability to open the window without letting in bugs, and cockroach infestation. Sain was twice bitten by a cockroach. There was no evidence of permanent injury from any of the conditions. See Sain, 512 F.3d at 894.

Citing Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996), the Seventh Circuit noted that lengthy pest infestation accompanied by "significant physical injury" can violate the Constitution, but Sain's infestation claim failed because there was no evidence of significant injury. Sain, 512 F.3d at 894.

Regarding the evidence of poor air circulation and temperature control, the Seventh Circuit held:

> Mr. Sain relies upon Board v. Farnham, 394 F.3d 469 (7th Cir. 2005), for his assertion that poor ventilation may amount to a constitutional deprivation. However, this case involved toxic mold in air ducts and evidence of severe nosebleeds and respiratory problems, conditions far more serious than those alleged by Mr. Sain. Similarly, his suggestion that the lack of air-conditioning is a serious deprivation relies on a case involving substantially different circumstances--there, a failure to provide working heat for an extended period of time in extremely cold temperatures. See Henderson v. DeRobertis, 940 F.2d 1055 (7th Cir. 1991). The peeling paint or an unpleasant odor in a cell described in this record, along with the absence of any evidence of serious injury, does not amount to constitutional deprivation.

Id.

The Seventh Circuit concluded: "The conditions of Mr. Sain's detention were certainly unpleasant. The state deserves no praise for permitting them to persist. However, we cannot say that, whether considered individually or collectively, they constitute a constitutional violation. To be considered a constitutional violation, Mr. Sain's deprivations must be 'objectively serious.' We conclude that a reasonable jury could not conclude that Mr. Sain's conditions of confinement were objectively serious enough to establish a constitutional violation." Id.

Here, plaintiff does not allege conditions that are significantly worse than those shown by Sain on summary judgment. The difference is that plaintiff's allegations imply he was bitten more than twice and he alleges that he was scarred on his arms, legs, and back. The allegation of such scarring does not rise to the level of a serious injury. See Ford v. Page, 2005 WL 2407550 *4-5 (S.D. Ill. Sept. 29, 2005); Young v. County of Winnebago, 2003 WL 1475384 *1 (N.D. Ill. March 21, 2003). Since plaintiff does not allege facts supporting that he suffered serious harm as a result of his conditions of confinement, his claim of unconstitutional conditions does not rise above the speculative level. Moore, 2008 WL 111299 at *9.[4] Since plaintiff does not allege unconstitutional conditions of confinement his claim against defendant Monohan must be dismissed. Since this ruling would apply equally to all defendants, there is no reason to permit plaintiff to serve summons on the remaining defendants. Plaintiff's cause of action will be dismissed in its entirety.

IT IS THEREFORE ORDERED that plaintiff's motion for appointment of counsel [43] is denied. Defendant's motion to dismiss [32] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff

---

[4] Moore also involved allegations of heat and infestation problems at Joliet.

dismissing plaintiff's cause of action with prejudice.  If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MAY 8, 2008